UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHELDON LEE HUTCHINS,
    Plaintiff,

vs.                         Case No.: 3:22cv893/TKW/ZCB

BILLY CLARK BAIL BONDS, INC., et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is incarcerated in the Florida Department of Corrections, and he is proceeding *pro se* in this 42 U.S.C. § 1983 case. Presently before the Court is Plaintiff's Amended Complaint. (Doc. 9). The Court has screened the Amended Complaint as required by 28 U.S.C. § 1915A(b)(1) and determined that Plaintiff has failed to state a plausible claim for relief against any Defendant. This case, therefore, should be dismissed.

### I.    Statutory screening standard

Because Plaintiff is a prisoner seeking redress from a governmental employee,[1] the Court must dismiss this case if the Court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] One of the named Defendants, Deputy Howton, is a governmental employee.

relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, dismissals for failure to state a claim under § 1915A are governed by the same standard as Rule 12(b)(6). *Id.*

Under Rule 12(b)(6), a complaint's allegations are taken as true and construed in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The Court may consider documents incorporated into the complaint by reference and matters of which the court may take judicial notice, such as facts taken from court dockets. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (stating district court properly took judicial notice of facts taken from petitioner's state court dockets where petitioner had opportunity to object to report and recommendation in which magistrate judge took judicial notice).

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## II.    Plaintiff's allegations and claims

Plaintiff's Amended Complaint names five Defendants: (1) Billy Clark Bail Bonds, Inc.; (2) Billy Clark, owner of Billy Clark Bail Bonds, Inc.; (3) Matt

McKeehan, a bond recovery agent; (4) Phillip Kichler, a bond recovery agent; and

Carson Hunter Howton, a deputy with the Santa Rosa County Sheriff's Office. (Doc.

9 at 1-5).

According to the state court docket in Plaintiff's criminal case, Plaintiff posted

a professional bond from Billy Clark Bail Bonds (as agent for Palmetto Surety

Corporation) on August 13, 2019.[2]  *See* https://santarosaclerk.com/courts/search-

court-records/, search Court Records for Case Number 2019-CF-000556, Doc. #79,

Appearance Bond and Power of Attorney (*see* attached).  On March 11, 2020, the

state court issued a capias due to Plaintiff's failure to appear in court. *Id.*, Doc. #132,

Capias (see attached).   The clerk of court notified Billy Clark Bail Bonds that

Plaintiff had failed to appear and that the bond would be forfeited if he did not appear

on May 19, 2020. *Id.*, Doc. #122, Notice to Bondsman (*see* attached).  On May 19,

2020, the clerk of court issued a notice of forfeiture to Billy Clark Bail Bonds after

Plaintiff failed to appear in court that day. *Id.*, Doc. # 123, Notice of Forfeiture (*see*

attached). *See generally McDowell Bey v. Vega*, 588 F. App'x 923, 927 (11th Cir.

---

[2] If Plaintiff disputes the accuracy of the facts taken from the state court's docket, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez*, 947 F.3d at 651–53.

4

2014) (finding no error in a district court's taking judicial notice of records contained on the state court docket in the underlying criminal case).

Plaintiff alleges on June 9, 2020, Defendants Billy Clark, Matt McKeehan, and Phillip Kichler (the "Bail Bondsmen") traveled from Florida to Georgia and seized him from a private residence. (Doc. 9 at 7-9). Plaintiff alleges the Bail Bondsmen broke down the door to the residence, tased him, assaulted him, handcuffed him, and transported him from Georgia to Florida. (*Id.*). Plaintiff alleges no Georgia law enforcement officers were involved in his apprehension or transport back to Florida. (*Id.* at 7).

On June 9, 2020, Defendant Clark drove Plaintiff to the Billy Clark Bail Bonds, Inc. office in Santa Rosa County, Florida, and notified the Santa Rosa County Sheriff's Office. (*Id.* at 9). Defendant Deputy Howton responded to the call, and Defendant Clark surrendered Plaintiff to Deputy Howton. (*Id.*). Deputy Howton took Plaintiff into custody on the capias for failure to appear and transported him to the Santa Rosa County Jail. *See* State Court Doc. #132 (attached Arrest Report and Booking Information).

Plaintiff claims that Defendant Billy Clark Bail Bonds Inc. violated the federal kidnapping statute (18 U.S.C. § 1201) and the Fourth Amendment by "ordering" his kidnapping. (Doc. 9 at 10-11). Plaintiff claims that the Bail

Bondsmen (Defendants Clark, McKeehan, and Kichler) violated the Fourth, Eighth, and Fourteenth Amendments by illegally seizing him, using excessive force, and depriving him of due process. (*Id.* at 10-13). Plaintiff claims Deputy Howton violated the Fourth and Fourteenth Amendments by taking him into custody, despite the Bail Bondsmen's failure to seek Plaintiff's extradition from Georgia. (*Id.* at 13). Plaintiff seeks compensatory damages and injunctive relief under 42 U.S.C. § 1983. (*Id.* at 10, 14).

## III.  Discussion

### A.    Plaintiff has no private right of action under 18 U.S.C. § 1201.

Plaintiff's complaint seeks relief against Defendant Billy Clark Bail Bonds, Inc. for violating the kidnapping statute, 18 U.S.C. § 1201. That claim necessarily fails because a private party cannot bring a civil action under 18 U.S.C. § 1201 because it is a criminal statute that does not provide a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We've refused to infer a private right of action from a bare criminal statute. And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions.") (cleaned up); *see also Hanna v.*

6

*Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)[3] ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies"); *Long v. Thomason*, No. 13-00447, 2014 WL 266206, at *9 (S.D. Ala. Jan. 6, 2014) (holding that the federal kidnapping statute "does not provide a private, civil cause of action") (cleaned up); *see also Moskau v. Peterson*, 2020 WL 13369431, at *2 (M.D. Fla. Sept. 18, 2020) (stating that a plaintiff "does not have the right to sue" a defendant under the kidnapping statute, 18 U.S.C. § 1201). Therefore, Plaintiff has not stated a plausible claim for relief under 18 U.S.C. § 1201.

**B.    Defendants Billy Clark Bail Bonds, Inc., Billy Clark, Matt McKeehan, and Phillip Kichler are not state actors under 42 U.S.C. § 1983.**

To prevail in any 42 U.S.C. § 1983 action, a plaintiff must establish that "the conduct complained of was committed by a person acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). That is so because "§ 1983 only provides for claims to redress State action." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). State action is an element of a § 1983 claim, not an affirmative defense. *Charles v. Johnson*, 18 F. 4th 686, 695 (11th Cir. 2021).

---

[3] The Eleventh Circuit has adopted as binding precedent decisions by the former Fifth Circuit rendered before September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

A private party typically does not act under color of state law and, therefore, is not subject to suit under § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Those circumstances are: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn*, 241 F.3d at 1347 (cleaned up). To satisfy the "nexus/joint action test," the private party must be "intertwined in a symbiotic relationship" with the government. *Focus on Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003).

Numerous courts have held that bail bondsmen are not state actors for purposes of § 1983, unless they were acting at the behest of or in conjunction with law enforcement officers when engaging in the challenged conduct. *See Landry v. A–Able Bonding, Inc.*, 75 F.3d 200, 204-05 (5th Cir. 1996) (finding that bail bondsmen were not state actors under § 1983 when they arrested the plaintiff in

Texas and returned him to Louisiana because "the mere possession of an arrest warrant does not render a bail bondsman a state actor under § 1983, where he neither purports to act pursuant to the warrant, nor enlists the assistance of law enforcement officials in executing the warrant"); *Weaver v. James Bonding Co., Inc.*, 442 F. Supp. 2d 1219, 122429 (S.D. Ala. 2006); *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1261 (M.D. Fla. 2004); *McCoy v. Johnson*, 176 F.R.D. 676, 682 (N.D. Ga. 1997).

Here, Plaintiff alleges that the Bail Bondsmen traveled to Georgia, apprehended him, and transported him back to Florida. He does not allege that any law enforcement officers assisted with the apprehension and transport. Indeed, Plaintiff specifically alleges that "no licensed police" assisted in his apprehension. (Doc. 9 at 7). Rather, the Bail Bondsmen acted unilaterally and in their private capacities when they took Plaintiff into custody and transported him to Florida. The mere fact that a law enforcement officer (Deputy Howton) received custody of Plaintiff *after* the Bail Bondsmen apprehended him and returned him to Florida does not turn the Bail Bondsmen into state actors for purposes of § 1983. There are no allegations that the Bail Bondsmen were acting at the behest of or in concert with Deputy Howton when they apprehended and transported Plaintiff from Georgia to Florida. *See Landry*, 75 F.3d at 204–05 (bail bondsman was not state actor when he conducted arrest of individual without assistance from law enforcement); *see also*

9

*Green*, 316 F. Supp. 2d at 1261 (bail bondsman was not a state actor where he received no instructions, directions, or aid from the state in pursuing and apprehending the plaintiff). Because state action is an essential element of a § 1983 claim, Plaintiff's § 1983 claims against Defendants Billy Clark Bail Bonds, Inc., Billy Clark, Matt McKeehan, and Phillip Kichler should be dismissed for failure to state a claim.

### C. Plaintiff has not stated a plausible claim for relief against Defendant Deputy Howton.

Plaintiff claims that Defendant Deputy Howton violated the Fourth Amendment (as incorporated to the states by the Fourteenth Amendment) by receiving custody of Plaintiff from the Bail Bondsmen. As relief, Plaintiff asks the Court to order the termination of Deputy Howton's employment with the Sheriff's Office. (Doc. 9 at 14). Plaintiff further requests monetary damages for Deputy Howton's alleged Fourth Amendment violation. (*Id.*).

First, Plaintiff has failed to state a plausible claim for relief to the extent he requests an order requiring Deputy Howton's termination from the Sheriff's Office. That is so because the Court lacks the authority to order the Sheriff to terminate Deputy Howton's employment. Although federal courts have the power to order state and local officials to comply with the U.S. Constitution, they lack the power to order those officials to take certain disciplinary actions against employees. *See*

10

*LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (holding that it was an "inappropriate use of the court's equity powers" to require a state prison official to discipline corrections officers); *see also Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1978) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), *rev'd in part on other grounds sub nom. Alabama v. Pugh*, 438 U.S. 781 (1978); *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 772 (6th Cir. 2002) (rejecting inmate's request for an injunction requiring the state "to punish the individuals involved" in his alleged beating because it "is not the type of injunctive relief this Court provides"). Thus, Plaintiff has failed to state a plausible claim for relief with respect to his request that the Court order the termination of Deputy Howton's employment.

Second, Plaintiff has failed to state a plausible damages claim against Deputy Howton for violating the Fourth Amendment. Plaintiff has not identified the precise nature of his Fourth Amendment claim, but as best the Court can tell Plaintiff is attempting to pursue a false or unlawful arrest claim against Deputy Howton. To prevail on a false or unlawful arrest claim, a plaintiff must establish that the defendant conducted an arrest without probable cause. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010); *Eiras v. Fla.*, 239 F. Supp. 3d 1331, 1338

11

(M.D. Fla. 2017) ("To prevail on a false arrest claim under Section 1983 a plaintiff bears the burden of proving a lack of probable cause"). Generally, an individual who is taken into custody pursuant to a facially valid arrest warrant cannot maintain a false or unlawful arrest claim against the arresting officer. *See Paylan v. Dirks*, 847 F. App'x 595, 600 (11th Cir. 2021) (explaining that "[b]ecause officers executed valid arrest and search warrants, [plaintiff] failed to state plausible claims against…[defendants] for false arrests…."); *see also Williams v. Aguirre*, 965 F.3d 1147, 1162 (11th Cir. 2020) ("In the context of arrest warrants…an officer ordinarily does not violate the Fourth Amendment when he executes a facially valid arrest warrant, regardless of whether the facts known to the officer support probable cause."); *Press v. Sheriff of Broward Cnty., Fla.*, 2013 WL 4437238, at *6 (M.D. Fla. Aug. 16, 2013) (rejecting false arrest claim because "[t]here were valid warrants in existence at the time of both arrests").

Here, Deputy Howton took Plaintiff into custody pursuant to a facially valid arrest warrant. More specifically, a Florida state court judge had issued a capias warrant authorizing the arrest of Plaintiff for failure to appear. *See* Case Number 2019-CF-000556, Doc. #132, Capias (attached). That warrant was the basis for Deputy Howton taking Plaintiff into custody. Accordingly, Plaintiff has failed to

state a plausible claim that Deputy Howton violated the Fourth Amendment by taking him into custody.

## IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's Amended Complaint (Doc. 9) be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

2.    The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 8th day of November.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**This case was referred to the undersigned for the issuance of preliminary orders and recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.(C);** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.** __Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.__ **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

13

Power Document - PSE100 2882

**POWER AMOUNT**
**100000.00**

POWER OF ATTORNEY
**PALMETTO SURETY CORPORATION**

PSE100 2882

109 River Landing Dr., Suite 200, Charleston, SC 29492

KNOW ALL MEN BY THESE PRESENTS: that PALMETTO SURETY CORPORATION, a corporation duly authorized and existing under the laws of the State of South Carolina does constitute and appoint the below named agent its true and lawful Attorney-In-Fact for it and in its name, place and stead; to execute, and deliver for and on its behalf, as surety, a bail bond only.

Authority of such Attorney-In-Fact is limited to appearance bonds. No authority is provided herein for the execution of surety immigration bonds or to guarantee alimony payments, fines, wage law claims or other payments of any kind on behalf of below named defendant. The named agent is appointed only to execute the bond consistent with the terms of this power of attorney. The agents is not authorized to act as agent for receipt of service of process in any criminal or civil action. This power is void if altered or erased or used in any combination with other powers of attorney of this company or any other company to obtain the release of the defendant named below or to satisfy any bond requirement in excess of the stated face amount of this power. This power can only be used once. The obligation of the company shall not exceed the sum of

**($ 100,000.00) DOLLARS**

and provided this Power-Of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power-Of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, PALMETTO SURETY CORPORATION has caused these presents to be signed by it's duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this **10th day of August A.D. 2019.**

| | |
|---|---|
| Bond Amount: | **$100000.00** |
| Defendant: | **SHELDON HUTCHINS** |
| Court: | **CIRCUIT** |
| Case Number: | **19-556CFA** |
| County: | **SANTA ROSA** |
| City/State: | **MILTON/FL** |
| Charge: | **TRAFFIC AMPHETAMINE** |
| Executing Agent: | **BILLY CLARK** |

Expires 09/30/2019

2019 AUG 13 AM 8 3c
SANTA ROSA COUNTY FL
FELONY FILED
DONALD C. SPENCER
CLERK OF COURT &
COMPTROLLER

**PALMETTO SURETY CORPORATION**

SEAL
PALMETTO SURETY CORPORATION

**Chief Executive Officer**

**PALMETTO SURETY CORPORATION**
109 RIVER LANDING DRIVE, SUITE 200
CHARLESTON, SC 29492-7595

FOR FURTHER ACTION ON THIS BOND NOTIFY:

| BILLY CLARK BAIL BONDS |
| 2415 N PACE BLVD SUITE : Pensacola , Florida 32505 |
| (850) 912-8228 |
| Transfer agent |

General Surety Appearance Bond

POWER #  PSE100-2882

ARREST #  19-556CFA

IN THE

STATE OF FLORIDA
VS:

SANTA ROSA CIRCUIT COURT            COURT

HUTCHINS, SHELDON LEE

Santa Rosa                          COUNTY
STATE OF FLORIDA

KNOW ALL MEN BY THESE PRESENT: That we the above named defendant as principal, and PALMETTO SURETY CORPORATION, a SOUTH CAROLINA CORPORATION, surety are held and firmly bound unto the Governor of the State of Florida, and his successors in office, the said principal, in the sum of  $100,000.00 and the said surety for the life amount, for the payment whereof well and truly to be made we bind ourselves, our heirs, executors, administrators and assigns firmly by these presents.

Signed and sealed this  10  day of  August                        A.D.  2019

The condition of this obligation is such that if said principal shall appear on  08/27/2019                  at the next Regular or Special term of the above court and shall submit to the said Court to answer a charge of:

TRAFFIC AMPHETAMINE

and shall submit to orders and process of said court and not depart the same without leave, then this obligation to be void, else to remain in full force and virtue

TAKEN BEFORE ME AND APPROVED BY ME,

_____ (L.S.)
(Principal)

_____ Sheriff
PALMETTO SURETY CORPORATION

By _____
(Attorney in fact) (SURETY)

By _____ D.S
Agent number or license number  P067370

Print agent name  CLARK, BILLY

**SEAL**

| This bond not valid for deferred sentence, fines, pre-sentence investigation, pre-trial intervention programs or appeals |

STATEMENT
The Undersigned

I,  CLARK, BILLY                        am a duly licensed bail bondsman pursuant to Chapter 903, Florida Statute, or a duly licensed general lines agent pursuant to part 11 Chapter 626, Florida Statute, and have registered for the current year with the office of the Sheriff and Clerk of the Circuit Court of the aforesaid county and have filed A certified copy of my appointment by Power of Attorney for the surety with the office of the Sheriff and Clerk of the Circuit Court of the aforementioned County that the principal named in the foregoing bond, a Address:

9024 EAGLE NEST DR            Navarre            Florida            32566

has (given or promised to give) the sum of  TEN THOUSAND DOLLARS                $10,000.00 _____ )
Dollars as consideration for the foregoing bond filed with the Clerk of the above captioned court located in said county together with the (promise or receipt of) security belonging to: _____
As follows. (Detail description of Property)  Indemnity Agreement: , Promissory Note:

_____  PI/IA  _____

That a duly signed receipt has been given to the said principal for the consideration given and/or that the said indemnitor has (also been) given a receipt for the security described above.

(Bondsman)  CLARK, BILLY

(Agency)  BILLY CLARK BAIL BONDS

Form 533 FLORIDA REVISED 2004      ORIGINAL FILED WITH POWER OF ATTORNEY                CMA 7867

**NCIC**

## STATE OF FLORIDA
## IN THE CIRCUIT COURT OF THE 1ST JUDICIAL CIRCUIT
## IN AND FOR SANTA ROSA COUNTY FLORIDA

State of Florida,
-vs-
SHELDON LEE HUTCHINS
Defendant.

UCN: 572019CF000556CFAXMX
Case Number: 19000556CFMXAX

## CAPIAS

SHELDON L HUTCHINS
9024 EAGLE NEST DR
NAVARRE FL 32566

**RACE:** White **SEX:** Male **DOB:** 03/16/1971
**HT:** 5' 8" **WT:** 180  **EYES:** BLUE **HAIR:** BLONDE **D/L:** FL
H325792710960  **EMPLOYER:** SELF EMPLOYED /
RETIRED USAF

**To Each Sheriff of the State:**
This is to command you to take SHELDON LEE HUTCHINS if he be found in your County and him
safely keep, so that you have his body before one of the Judges of our Circuit Court, at Santa Rosa,
Florida, Milton, INSTANTER to answer the charges found and now pending in said Circuit Court for
FAILED TO APPEAR to the charge(s) of:

| Chapter Section | Level | Degree | Statute | Release | Release Amount | |
|---|---|---|---|---|---|---|
| 893 135 1f1 | Felony | First Degree | AMPHETAMINE-TRAFFIC OR METHAMPHETAMINE MORE THAN 28 GRAMS LESS THAN 200 GRAMS | NO REL: HOLD FOR JDG | $ | 0.00 |

on 03/11/2020 and have then and there this writ with due return of your action endorsed thereon.

**CONDITION OF RELEASE:**

Ordered by JAMES SCOTT DUNCAN .

BY: _____
                Judge
WITNESS my hand and the seal of said Court on 11th of March, 2020.

Donald C Spencer
Santa Rosa County Clerk of Courts and Comptroller
BY:



Deputy Clerk

**RETURN OF SERVICE**
Received this Warrant on the ____ day of _____, ____ and executed the SAME BY arresting
one SHELDON LEE HUTCHINS the within named Defendant, in the Circuit, Court of Santa Rosa,
Florida on the _____ day of _____, _____.

Sheriff, Santa Rosa, Florida

By: _____
                Deputy Sheriff

**RECEIVED**
By kporter at 3:38 pm, Mar 11, 2020

**STATE OF FLORIDA**
**IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR SANTA ROSA COUNTY FLORIDA**

STATE OF FLORIDA,
    Vs.
SHELDON LEE HUTCHINS
    Defendant

UCN:  572019CF000556CFAXMX
Case Number:  19000556CFMXAX

BILLY CLARK BAIL BONDS
2415 N PACE BLVD STE 5 PENSACOLA, FL 32505

Charges: AMPHETAMINE-TRAFFIC OR METHAMPHETAMINE MORE THAN 28 GRAMS LESS
THAN 200 GRAMS
Bond Number: PSE1002346
Bond Amount: 100000.0000

BILLY CLARK BAIL BONDS
2415 N PACE BLVD STE 5 PENSACOLA, FL 32505

Charges: AMPHETAMINE-TRAFFIC OR METHAMPHETAMINE MORE THAN 28 GRAMS LESS
THAN 200 GRAMS
Bond Number: PSE1002882
Bond Amount: 10000.0000

# NOTICE TO BONDSMAN

This is to notify you that the above-named defendant, for whom you are surety, was scheduled to appear

in the court on _____03/11/2020_____, but failed to do so. The Court has continued your notice

date.


This case is set for call on _____19ᵗʰ May_____ at __9:00 am_____. You are given this

notice in order that you may have said Defendant in court at this time; otherwise, the bond will be

forfeited and payment of costs may be required before the forfeiture is set aside.



WITNESS my hand and the seal of said Court on April 14, 2020.

Honorable Donald C. Spencer
Clerk of Courts and Comptroller
Santa Rosa County

BY:



                              Deputy Clerk

If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact: Court Administration, ADA Liaison Santa Rosa
County 6865 Caroline Street Milton, FL 32570 Phone (850) 623-3159 Fax (850) 983-
0602 ADA.SantaRosa@flcourts1.gov at least 7 days before your scheduled court
appearance, or immediately upon receiving this notification if the time before the
scheduled appearance is less than 7 days; if you are hearing or voice impaired, call
711.

**STATE OF FLORIDA**
**IN THE Circuit COURT OF THE 1st JUDICIAL CIRCUIT**
**IN AND FOR Santa Rosa COUNTY FLORIDA**

STATE OF FLORIDA, Plaintiff
    -vs-
SHELDON LEE HUTCHINS
    Defendant.

UCN:                             Case Number:
572019CF000556CFAXMX          19000556CFMXAX

TO:    BILLY CLARK BAIL BONDS
        2415 N PACE BLVD STE 5
        PENSACOLA FL 32505

**Notice of Forfeiture**

**BOND POWER NUMBER:** PSE1002882
**BOND AMOUNT:** $10,000.00
You are hereby notified pursuant to Section 903.26 (2) (a), Florida Statutes that the following bond was forfeited on the 19th of May, 2020 by the Circuit Court in and for Santa Rosa County, Florida.

| CHARGE | LVL DGR | STATUTE | SEQ # | PROS # |
|--------|---------|---------|-------|--------|
| 893 135 1fl | Felony First Degree | AMPHETAMINE-TRAFFIC OR METHAMPHETAMINE MORE THAN 28 GRAMS LESS THAN 200 GRAMS | 1 | 1 |

Pursuant to Section 903.26 (2) (a), Florida Statutes, payment of the forfeited bond is due within 60 days from the date this notice is emailed.

DATED THIS 19th of May, 2020.

                      Donald C Spencer
                      Santa Rosa County Clerk of Courts and Comptroller

                      *Cody Wilkerson*
BY:
Deputy Clerk

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy hereof has been furnished to the above and

PALMETTO SURETY CORPORATION
109 RIVER LANDING DRIVE STE 200
CHARLESTON SC 29492

by email this 19th of May, 2020.

                      Donald C Spencer
                      Santa Rosa County Clerk of Courts and Comptroller

                      *Cody Wilkerson*
BY:
Deputy Clerk

19-556 CF
B

IN THE CIRCUIT/COUNTY COURT IN THE FIRST JUDICIAL CIRCUIT IN AND FOR SANTA ROSA
COUNTY, FLORIDA
WARRANT/OTTIC SERVED                                    SANTA ROSA COUNTY SHERIFFS OFFICE
REPORT NO:  SRSO20ARR001066

| Jail Booking No | Offense No | Other No SRSO20CAD055484 | OBTS 5701145092 |
|---|---|---|---|

**[ SUSPECT ]**

| Last | First | Middle | | Title | Race | Sex | DOB | Age | Hgt | Wgt |
|---|---|---|---|---|---|---|---|---|---|---|
| HUTCHINS | SHELDON | LEE | | | W | M | 3/16/1971 | 49 | 5'08" | 180 |

| Eyes | Hair | MNI Number | SSN | I.D. No. | St | Type | OCA / Agency ID |
|---|---|---|---|---|---|---|---|
| BLU | BLN | SRSO06MNI021790 | | H325792710960 | FL | E | |

Birth Location: City: HOUSTON County: HARRIS State: TEXAS Nation: UNITED STATES Citizenship: UNITED
STATES
Address
    HOMELESS
Occupations (Current/Last Known is Listed First)
    Business: SELF EMPLOYED, Job Title: SALES, Entered: 4/17/2019

    Business: SELF-EMPLOYED, Job Title: , Entered: 9/5/2018

    Business: RETIRED USAF, Job Title: , Entered: 6/19/2016

    Business: USAF, Job Title: , Entered: 10/10/2010
        Suite:
    Business: USAF, Job Title: , Phone: (850)884-5254 Entered: 7/10/2010
        Suite:
Aliases (Last, First Middle Title DOB)
    HUTCHINS, SHELTON LEE
Street Names
    * none found in MNI *

2020 JUN 10 PM 3:47
SANTA ROSA COUNTY FL
FELONY FILED
DONALD C. SPENCER
CLERK OF COURT &
COMPTROLLER

SCANNED

**[ INCIDENT INFORMATION ]**
Occurred Date Range: 3/12/2020      to              Lat / Long
No.        Di    Street              Apt/Lot City         ST   Zip      (GEO)
                                                                        - - -

**[ CHARGES ]**
843.15.1a
FAILURE TO APPEAR

| Counts | Level | Degree | GOC | UCR | NCIC | AON | Bond Amount |
|---|---|---|---|---|---|---|---|
| 1 | Felony | Third | Not Applicable | | | 5015 | |

**[ STATEMENT OF PROBABLE CAUSE / NARRATIVE ]**
FTA: AMPHETAMINE TRAFFIC OR METHAMPHETAMINE MORE THAN 28 GRAMS LESS THAN 200 GRAMS
EXTR: NCIC NATIONWIDE
031220-SUBMITTED TO HOT SHEET AND SENT TTY TO BAY CO SO FOR ATTEMPT OF SERVICE-SLW

040920-SUBMITTED TO CRIME STOPPERS /PHIPPS-KB

*C. Howton* 1240/166          HOWTON, CARSON HUNTER         166
Signature (Arresting Officer)                    Name                  ID/SSN

Subscribed and sworn to (or affirmed) before me this 9 day of    June    A.D., 2020 by  C. Howton

SRSO20ARR001066    Printed On: 6/9/2020 5:27:20 PM      Page 1 of 3        [SWESTWOOD 3/12/2020 08:51]

WARRANT/OTTIC SERVED                                    SANTA ROSA COUNTY SHERIFFS OFFICE
REPORT NO:  SRSO20ARR001066

who is personally known to me or has produced _____ SciF _____ as identification.

_____          _____ Notary Public      _____ LEO      X   CO
Signature

Commission No: FSS 112 10          My Commission Expires _____

_____          _____          _____          _____
Supervisor Signature               Date             Supervisor Name ( Please Print )          Rank

**[ PHYSICAL EVIDENCE ]    [NO PHYSICAL EVIDENCE LISTED]**

[ ARREST INFORMATION ]

| | | | | | | |
|---|---|---|---|---|---|---|
| Arrested | | Residency | Injured | | Extent of Injury | Resist |
| 6/9/2020 | 17:19 | **Within jurisdiction** | **None** | | **N/A** | **No** |
| | | | Arrested Prior | Arrest Jurisdiction | Alcohol | Drugs |
| | | | **Yes** | **Within jurisdiction** | **No** | **No** |
| No. | Di | Street | A/L | City | ST Zip | Lat / Long |
| 6341 | | HWY 90 | | MILTON | FL 32570 | 30.6101 / -87.05748 |
| Arresting Officer | | | Unit | (GEO) | 4 - 02 - CNTY - | Officer Type |
| 166 | HOWTON, CARSON HUNTER | | SHF/CHF/MAJ/OPS/PATROL/D4 | | | Original Offense Jurisdiction |
| Reporting Officer | | | Unit | | | SRSO |

Forward to for approval

Bond Set by LEO at Time of Arrest & Booking:          **$0.00**

( ) None
( ) ROR
( ) Cash
( ) Pro

Bond Set by Judge          **( X )** None          ( ) ROR/Sign
_____          ( ) Cash           ( ) PTR
                          ( ) Any            ( ) Property
                          ( ) Pro            ( ) Work Release
                          ( ) Drug Patch / Alcohol Monitor   ( ) House Arrest / GPS

( ) Purge
( ) SC

Return Court: _____          Date: _____          Time: __:_____
Instructions:

**IN THE CIRCUIT/COUNTY COURT IN THE FIRST JUDICIAL CIRCUIT IN AND FOR SANTA ROSA COUNTY, FLORIDA**

**WARRANT/OTTIC SERVED**                                    **SANTA ROSA COUNTY SHERIFFS OFFICE**

REPORT NO:  **SRSO20ARR001066**

[ COURT INFORMATION ]

| | Court | Judge | Date |
|---|---|---|---|
| Sent | **CIRCUIT** | **DUNCAN** | **3/11/2020** |
| Rcvd | **WARRANTS** | | **3/12/2020** |

Court Case Number  **19000556CFMXAX**

Assigned To:

[ DISPOSITION ]

Disposition Type                    Release Type                              Other Desc

Release Date    Release Time    Release Officer                    Printed  Printed By
                                                                   **No**

Released To

Court DispositionType                    Court Disposition Description

[ ADDITIONAL PERSONS ]

COURT DISPOSITION:

( right index )

○ No Bill / Petition        ○ Issue Warrant        ○ Prosecution Approved

_____    _____
Signature of Assistant State Attorney        Date




# SANTA ROSA COUNTY SHERIFFS OFFICE
# HUTCHINS, SHELDON LEE
## Booking Information

☐ High Profile    ☐ Suicidal    ☐ Escape Risk    ☐ Hold For:

**Booking #:** SRSO20JBN002794    **MNI:** SRSO06MNI021790    **Cell:** SRSO*ACR*X*003*002

**Address:** HOMELESS
**Phone:** (850)382-7003    **DOB:** 03/16/1971    **BIRTHPLACE:** HOUSTON,HARRIS,TEXAS
**CITIZENSHIP:** UNITED STATES    **FBI POB:** TX    **MARITAL STATUS:** Unmarried
**RACE:** W    **SEX:** M    **HGT:** 5'08"    **WGT:** 180    **HAIR:** BLN    **EYES:** BLU    **SSN:** ▮▮▮▮▮
**FBI:** 841495KF7    **SID:** FL08321427    **DL:** H325792710960    **STATE:**
**OBTS:** 5701145092

| Occupation: | Employer: UNEMPLOYED | Phone: (850)884-5254 |
|---|---|---|

**Booked:** 6/9/20 17:40    **Booked By:** CAMPBELL, PATRICK ROY
**Released:**    **Searched By:** YOUNG , VERNON WELLZ
**Photo By:** SLOAN, WENDY LEANN
**Print By:** SLOAN, WENDY LEANN

_____
Inmate Signature

_____
Officer Signature

## ☒ FIRST APPEARANCE    ☐ BOND MODIFICATION

☐ FUGITIVE WARRANT ☐ PROBATION VIOLATION ☐ FILED CASE ☐ NOT FILED ☐ FELONY ☐ MISDEMEANOR ☒ BENCH WARRANT

### IN THE FIRST JUDICIAL CIRCUIT IN AND FOR SANTA ROSA COUNTY, FLORIDA

Date **June 10, 2020**                         Time _____ 2:07 pm _____

STATE OF FLORIDA
VS
**SHELDON LEE HUTCHINS**                    CASE NO. _____ 19-556 CFA _____

Charge(s) **FTA - FELONY**

I.   Defendant arrested by ☐ Florida HP; ☐ Gulf Breeze PD; ☐ Milton PD; ☒ SRC Sheriff's Office; ☐ upon warrant;
     ☐ upon capias; ☐ other _____
     Having reviewed: ☐ sworn complaint, ☐ Affidavits ☐ information filed by the state attorney, ☐ warrant, there is
     PROBABLE CAUSE to believe that defendant has committed, and defendant shall be held to answer for, the offenses except for:

Having found probable cause, the court has now advised the defendant of:
☒ The charge. Defendant given copy of complaint. ☒ Yes ☐ No  Reason _____
☒ His right to communicate with counselor or the public defender.
☒ His right to remain silent and that anything he says may be used against him
☒ His right to private counsel or the public defender.
Public Defender appointed with FEE: ☒ Yes ☐ No  Private Attorney: _____
*************************************************************************

WAIVER:
I have been given the advice by the Court as above set forth, which includes my right to counsel, and I hereby waive my right to
counsel at this hearing and understand that this, my waiver of counsel, is limited to first appearance only and that it shall in no way
be construed to be a waiver of counselor for subsequent proceedings.

Dated this **June 10, 2020**                    x _Wants attorney_
                                                              DEFENDANT
*************************************************************************

III. ☐ BOND SET AT: _____
     ☒ Defendant held w/out bond          ☐ ROR to Pretrial Release Program (report w/in 24 hours)
     VFOSC Hold: ☐ Yes ☐ No    GPS: ☐ Active ☐ Passive ☐ PBM ☐ WAM ☐ Drug Patch
                               Exclusion Zone(s): _____ ft @ Victim's ☐ Home ☐ Work ☐
     SPECIAL CONDITIONS:
     ☐ Do not engage in any criminal activity          ☐ Do not consume any alcohol
     ☐ Do not commit any acts or threats of violence   ☐ Do not use/possess any illegal drugs. D/T___ x/week
     ☐ Have **No Contact**, direct or indirect, with victim(s)  ☐ Do not operate a motor vehicle w/out valid D/L
     ☐ Have **No Violent Contact** with victim(s)      ☐ Not leave Santa Rosa/Escambia/Okaloosa/Walton Co., FL
     ☐ Abide by any DVI/ Injunction for Protection     ☐ Make/Keep appointment w/ Public Defender upon release
     ☐ Do not possess/carry any weapons or firearms    ☐ Hook up any electronic monitor(s)/drug patch at release
     ☐ 1x visit to residence w/LEO to retrieve personal effects  ☐ Other _____

**WARNING:**  A WARRANT OR CAPIAS FOR RE-ARREST WILL BE ISSUED FOR ANY VIOLATION OF THE ABOVE CONDITIONS
ANY VIOLATIONS MAY ALSO BE PUNISHABLE AS CONTEMPT OF COURT.

### The violation of any condition of release shall immediately be reported to the sentencing Judge.

Bound over to:  ☒ Circuit Court returnable **7-2-20** at **9:00 a.m**    ☐ County Court returnable _____ at **8:00 a.m.**
                                                                          ☐ County VOP returnable _____ at **8:30 a.m.**

                                                                          _____
                                                                                JUDGE

Plea of: _____ sentenced to: _____

Original – Court File          Copies to: Jail, Defendant, County Probation, State Attorney, Public Defender